**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BULK PEPTIDE SUPPLY LLC,<br><br>PLAINTIFF,<br><br>vs<br><br>JOHN DOES 1–3<br><br>DEFENDANTS. | Case No.<br><br>JURY DEMAND<br><br>VERIFIED COMPLAINT |

Plaintiff Bulk Peptide Supply LLC ("Plaintiff" or "Bulk Peptide Supply"), by and through its undersigned counsel, hereby brings this action against Defendants John Does 1–3 (collectively, "Defendants"), and alleges as follows:

## INTRODUCTION

1. This is an action for equitable relief and damages arising from acts of unlawful access to stored communications, in connection with Defendants' unauthorized access and misuse of Plaintiff's resources. Plaintiff seeks injunctive relief, damages, statutory damages, punitive damages, and recovery of her costs and reasonable attorneys' fees.

## THE PARTIES

2. Plaintiff Bulk Peptide Supply LLC is an Oklahoma limited liability company with its principal place of business at 2304 W. Hefner Rd #21480 SMB#72181, The Village, Oklahoma 73120. Plaintiff sells research peptides and laboratory chemicals to labs, clinics, and medical professionals throughout the United States. Plaintiff uses its email for business purposes.

3. Defendants are persons or entities whose identities are currently unknown to Plaintiff but can be revealed through discovery. Defendants John Does 1–3 are anonymous

hackers that gained unauthorized access to Plaintiff's email account. Plaintiff will amend this Complaint to identify John Does 1–3 when their identities become known.

**JURISDICTION AND VENUE**

4. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's claims pursuant to the Stored Communications Act ("SCA"), 18 U.S.C. § 2701 *et seq*. and the laws of the State of New York.

5. This Court has personal jurisdiction over Defendants because a substantial part of the events giving rise to the claims herein occurred in this judicial district. Specifically, one of the IP addresses associated with the unauthorized usage of Plaintiff's email account was located within this district.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in this District.

**FACTUAL ALLEGATIONS**

7. Jenna Alexander ("Ms. Alexander") is the founder and owner of Plaintiff Bulk Peptide Supply LLC. Ms. Alexander founded Bulk Peptide Supply in June 2024 to sell research peptides and other laboratory chemicals primarily to labs, clinics, and medical professionals across the United States.

8. Ms. Alexander utilizes a business email in connection with her work at Bulk Peptide Supply LLC at the address jenna@bulkpeptidesupply.com (the "Email Account"). The Email Account is owned by Plaintiff. Ms. Alexander resides in Oklahoma.

9. The Email Account contains sensitive proprietary and confidential information about Plaintiff's business, including its customers, orders, vendors, suppliers, Website, attorney-

client communications, certificates of analysis, pricing, and business strategies (the “Proprietary Information.”).

10. On July 22, 2026, at 12:44 AM EST (4:44 AM GMT), Ms. Alexander received a notification that an unknown person or persons accessed the Email Account. Microsoft logged the IP address, 168.205.63.179 and identified it as originating from Brazil.

> ## Unusual sign-in activity
>
> We detected something unusual about a recent sign-in to the Microsoft account je**a@bulkpeptidesupply.com.
>
> **Sign-in details**
> Country/region: Brazil
> IP address: 168.205.63.179
> Date: 7/22/2026 4:44 AM (GMT)
> Platform: Windows
> Browser: Microsoft Edge

11. On July 22, 2026, at 12:45 AM EST (4:45 AM GMT), a second unknown person or persons accessed the Email Account without authorization. Microsoft logged the IP address as 69.79.101.95.

> ## Unusual sign-in activity
>
> We detected something unusual about a recent sign-in to the Microsoft account je**a@bulkpeptidesupply.com.
>
> **Sign-in details**
> Country/region: United States
> IP address: 69.79.101.95
> Date: 7/22/2026 4:45 AM (GMT)
> Platform: Windows
> Browser: Microsoft Edge
>
> Please go to your recent activity page to let us know whether or not this was you. If this wasn't you, we'll help you secure your account. If this was you, we'll trust similar activity in the future.

12. Popular IP lookup sites identified this IP address as originating from New York City.[1]




13. Microsoft's systems identified the IP address as originating from Miami, Florida, however, as stated above, IP address lookup sites associated this IP address with New York.

[1] https://whatismyipaddress.com/ip/69.79.101.95




14. On July 22, 2026, at 12:45 AM EST (4:45 AM GMT), Microsoft's system also reported a third unknown person or persons accessed the Email Account with the IP address 73.113.210.161 originating from Augusta, Georgia.

7/22/2026 4:45 AM Successful sign-in

Device/platform
Windows

Browser/app
Microsoft Edge

IP address
73.113.210.161

Account alias
jenna@bulkpeptidesupply.com

Session activity
Successful sign-in

Approximate location
United States




You've secured your account since this activity occurred.
Learn about more ways you can protect your account.

15. Ms. Alexander and Plaintiff did not access the Email Account at these times or from these IP addresses, and do not know the identity of the persons or entities that had accessed the Email Account. Ms. Alexander and Plaintiff did not authorize anyone to access the Email Account at these times or from these locations.

16. Upon information and belief, the person(s) accessing the Email Account from the IP address 69.79.101.95 are located in New York City.

17. Upon further information and belief, Defendants are competitors of Plaintiff, who hacked into her email account for the purpose of viewing her Proprietary Information for competitive advantage.

18. Defendants succeeded in gaining unauthorized access to Plaintiff's Email Account, and the stored communications and Proprietary Information contained in that account.

19. Upon information and belief, the hackers may have used a Virtual Private Network to conceal their locations.

20. Third party discovery is necessary to determine the identity and location of the hackers.

## CLAIMS FOR RELIEF

### COUNT I

### Unlawful Access to Stored Communications, 18 U.S.C. § 2701

21. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

22. By wrongfully hacking the Email Account owned by Plaintiff, Defendants John Does 1–3 accessed the Email Account without Plaintiff's authorization.

23. Plaintiff and Ms. Alexander utilize the Email Account to store and send electronic communications.

24. Defendants John Does 1–3 hacked the Email Account intentionally, because the Email Account, created and maintained by Plaintiff and Ms. Alexander, belongs to Plaintiff and

no other person. By hacking the Email Account, Defendants John Does 1–3 knew that they were wrongfully accessing someone else's account.

## PRAYER FOR RELIEF

25. WHEREFORE, Plaintiff Bulk Peptide Supply LLC respectfully requests that this Court enter judgment in its favor and against Defendants, jointly and severally, as follows:

26. That Defendant John Does 1–3 and all persons acting in concert with Defendants be preliminarily and permanently enjoined from further accessing and using the Email Account, be ordered to take all necessary steps to return or destroy all information accessed from the Email Account, and that Defendants file with the Court and serve on Plaintiff within five (5) days after the service on Defendants John Does 1–3 of such injunction, or such shorter or extended period as the Court may direct, a report in writing under oath setting forth in detail the manner in which Defendant John Does 1–3 have complied with the injunction;

27. Actual, compensatory, and punitive damages in an amount to be determined at trial against Defendants John Does 1–3 due to unlawful access of stored communications;

28. That Plaintiff be awarded pre- and post-judgment interest to the maximum extent permitted by law against Defendants John Does 1–3;

29. An Order awarding attorneys' fees, costs, expenses incurred in connection with this action to Plaintiff as against Defendants John Does 1–3 pursuant to 18 U.S.C. § 2707; and

30. Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Bulk Peptide Supply LLC hereby demands a trial by jury on all issues so triable.

Dated: August 7, 2026

Respectfully submitted,

By: /s/ *Brett E. Lewis*

**LEWIS & LIN, LLC**
Brett E. Lewis (*pro hac vice* pending)
77 Sands Street, 6th Floor
Brooklyn, New York 11201
Tel: (718) 243-9323
Brett@iLawco.com
*Attorneys for Plaintiff Bulk Peptide Supply LLC*